**Atlas Sheet Metal Works,**
**Inc., vs.**          No. 65528
**Bradford Campbell**

RESCRIPT.

September 3, 1926.

CARPENTER, J. This action was brought by the plaintiff against the defendant to recover for certain labor performed and materials furnished by the plaintiff, as it alleged, for the defendant on property owned by the defendant in Providence, and was tried before this Court in February, 1926.

The jury returned a verdict for the plaintiff in the sum of $388.89. Within due time the defendant filed a motion for a new trial alleging

1. That the verdict is against the law.

2. That the said verdict is against the evidence

3. That said verdict is against the law and the evidence and the weight thereof.

4. That the defendant has discovered new and material evidence which he could not have obtained at the time of the trial.

5. That said defendant has discovered new and material evidence upon an issue which constitutes an important element of the plaintiff's claim, of which the defendant had no knowledge until presented by the plaintiff at the time of the trial.

It appeared from the evidence that there wasn't much question, if any at all, that the work was done, and the material furnished, in the reparation of a dwelling house or apartment house owned by the defendant, and the defense set up and testified to by the defendant was that he did not contract for the work, but the work was done by a contractor by the name of John R. Bickford, who had taken the contract to repair the house, and that he had paid Bickford for the work. The plaintiff claimed it did the work at the request of the defendant.

The questions presented to the jury during the trial of the case were questions of fact, and the jury were justified upon the evidence presented in awarding a verdict to the plaintiff, and upon the first, second and third grounds of the defendant's motion for a new trial, the Court feels that it should be denied.

Now the question for the Court to consider is whether the fourth and fifth grounds of the defendant's motion for a new trial are well founded. It appeared during the trial that the defendant knew that the action had been brought against him for recovery of payment for the work and materials, which he alleges to have been contracted for by the contractor Bickford. The defendant knew, or must have known, and it appeared from the evidence submitted in the case, that his only defense was that he had contracted for the work with Bickford. He knew that the evidence of Bickford was very important to his defense, and he proceeded with the trial of the case without making any move to protect himself from the results of going to trial without Bickford.

The defendant alleges by affidavits and by his motion that he was taken by surprise by the claim of the plaintiff that it had done the work for the defendant. The Court can not see

how it was possible for the defendant or his attorney to be taken by surprise. The bill of particulars shows that the work was charged against Campbell. The Court does not feel that the defendant was justified in going to trial, and putting both the plaintiff and the State to the expense of a trial, without in some way protecting himself under the rules of the court or attempting to protect himself.

The evidence set out in the affidavits filed by the defendant is not newly discovered evidence within the meaning of the rule governing newly discovered evidence or within common sense.

Motion for new trial denied.

For plaintiff; McKenna and Boudreau.

For defendant; William J. Brown.